UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH TRAPPETT, an individual; ETHEL "JACKIE" TRAPPETT, an individual; and CINDY BEARDIN, as personal representative of the ESTATE OF MICHAEL TRAPPETT,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARWATER COUNTY, a political subdivision, et al.,<br><br>Defendants. | Case No. 2:22-cv-00221-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Plaintiffs' Motion to Set Aside Judgment. Dkt. 21. Defendants opposed the Motion. Dkt. 22. Plaintiffs did not reply.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES Plaintiffs' Motion.

# II. BACKGROUND

The Court outlined the factual background of this case in its prior decision. *See* Dkt. 18, at 2–3. Simply put, Clearwater County police officers fatally shot Plaintiffs' family member—Michael Trappett—when he, in an intoxicated state, rushed at officers with a

large butcher knife.

Pursuant to the deadlines in the parties' agreed-upon Scheduling Plan (Dkt. 12), and the Court's Scheduling Order (Dkt. 15), Defendants filed a Motion for Summary Judgment on July 21, 2023. Dkt. 16. Plaintiffs never responded. After waiting an extended period for some response, the Court granted Defendants' Motion for Summary Judgment (Dkt. 18),[1] entered Judgment in Defendants' favor (Dkt. 19), and closed this case (*Id*.).

Eighteen days later, attorney Joseph Frick replaced attorney Nathan Starnes as Plaintiffs' counsel of record. Dkt. 20. Three weeks after that, Plaintiffs filed the instant Motion to Set Aside Judgment. Dkt. 21.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60 (b)(1).

The Supreme Court has held that, "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

That said, relief will not be granted if the negligence is due to "ignorance [or] carelessness on the part of the litigant or his attorney . . . ." *Engleson v. Burlington N.R.*

---

[1] Under Local Rule 7.1, Plaintiffs' failure to timely respond to Defendants' Motion for Summary Judgment rendered Defendants factual assertions undisputed for purposes of adjudicating their Motion for Summary Judgment. Dkt. 18, at 5–6. That said, in addition to this failure, the Court also briefly reviewed the substance of Defendants' arguments and found them persuasive. *Id*. at 6–9. In sum, Plaintiffs lost procedurally and on the merits.

*Co.,* 972 F.2d 1038, 1043 (9th Cir.1992); *see also Lomas and Nettleton Co. v. Wiseley,* 884 F.2d 965, 967 (7th Cir.1989) ("Rule 60(b)(1)'s reference to 'inadvertence or excusable neglect' does not authorize relief from the consequences of negligence or carelessness. Rather, it requires some justification for an error beyond a mere failure to exercise due care." (cleaned up)).

The determination of whether neglect is excusable requires an equitable weighing of at least four factors: "(1) the danger of prejudice to the [opposing party]; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay . . . ; and (4) whether the movant acted in good faith." *Briones v. Riviera Hotel and Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (cleaned up).

## IV. ANALYSIS

Plaintiffs' primary justification for their failure to timely respond to Defendants' Motion for Summary Judgment—and in support of setting aside the Court's judgment—is that their prior counsel, Nathan R. Starnes, never received notice of Defendants' filing. Starnes filed an affidavit explaining that he (and his staff) could not locate any email notifications from the Court's CM/ECF system indicating Defendants had filed a motion. Dkt. 21-2, at 2. Starnes explained that in September of 2022, he moved law firms and changed his contact information with the Court so he is unsure why he did not receive notice of the filings in this case. *Id*. at 1–2. However, Starnes acknowledged that he received a thumb drive Defendants sent as part of their motion for summary judgment, but "erroneously assumed" it was part of Defendants' initial disclosures. *Id*. at 2.

The Court has multiple problems with this explanation.

First, there is no record in this case regarding Starnes' firm change. No notice was received in September of 2022 (or anytime thereafter). Pursuant to local rule, in the event an attorney has a change "in name, firm, firm name, office mailing address, or other mailing address" he or she must file a document "entitled 'Notice of Change of Address' *in each case in which he or she has made an appearance*." Dist. Idaho Loc. Civ. R. 83.6(d) (emphasis added). By all accounts, Starnes did not comply with local rule and update his address as required. Thus, any failure to receive ECF notifications is squarely on his shoulders.[2]

Second, as part of their Motion for Summary Judgment, Defendants filed a flash drive containing video footage with the Court. Dkt. 17. The document that Starnes received indicating this had occurred was addressed to the Court (not Starnes), and specifically noted the lodging of said media files. Dkt. 22-6. And Starnes' explanation that he erroneously thought the files were related to initial disclosures is difficult to believe considering initial disclosures in this case were due months earlier *and* because initial disclosures are exchanged between parties and are not filed with the Court in the District of Idaho. Dist. Idaho Loc. Civ. R. 5.4(1). Thus, *any* review of the Notice—even a cursory review—would have made clear that the document was not related to initial disclosures.

---

[2] The Court has checked the administrative logs in PACER. Starnes's email address was updated on May 11, 2023, from Nathan@joefricklaw.com to Nathan@elclegal.com. A secondary email address was also added. This action does not replace the local rule, i.e. Starnes still needed to file a notice with the Court. But this does illustrate that multiple correct email addresses were active in CM/ECF. The Court cannot be certain Starnes received the CM/ECF notifications in this case—afterall, technology has its flaws and emails can get lost—but this discovery *severely* undercuts Starnes's sworn representation that neither he nor his staff received notice of Defendants' Motion for Summary Judgment. Dkt. 21-2, at 2. The metadata in the Court's system shows that notice was sent to Nathan@elclegal.com at 11:18 AM on July 21, 2023—the day Defendants filed it and over two months after Starnes's correct email address was added to the system.

MEMORANDUM DECISION AND ORDER - 4

Third and finally, the Court understands being busy, as it has one of the busiest dockets in the Country. But, setting aside that Starnes purportedly did not receive an ECF notice of Defendants' filing, the fact that he did not independently keep track of the summary judgment deadline is surprising. *See Fox v. American Airlines, Inc.,* 389 F.3d 1291, 1295 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, [plaintiff's attorney] remained obligated to monitor the court's docket."). What's more, it was *after* Starnes' firm change that: (1) the parties filed their *joint* Litigation and Discovery Plans (Dkts. 12, 13); (2) the case was reassigned to the undersigned; (3) a hearing was vacated (Dkt. 14); and (4) the Court's scheduling order was entered. Even if Starnes was not receiving *any* notifications in this case, the Court would have hoped that he (or his staff) would have checked the docket sometime in the intervening ten months, seen various action taking place, realized they were not receiving notice, and remedied the situation.

In sum, the Court finds that Starnes' reasons for his failure are not excusable. *See Whitaker v. Brighton Collectibles, LLC*, 2022 WL 17587136, at *2 (N.D. Cal. Nov. 22, 2022) (holding it is "counsel's duty to monitor the court's docket to stay informed of the court's orders and filing deadlines and counsel's carelessness and error in not checking the court docket to calendar a deadline does not constitute 'excusable' neglect") (cleaned up).

The Court returns to the excusable neglect criteria—(1) prejudice, (2) length of delay, (3) reason for delay, and (4) good faith—and how its above analysis results in the denial of Plaintiffs' Motion to Set Aside.

First, Defendants assert there is a grave danger of prejudice to them if the Court sets aside its judgment because all of the case deadlines have passed and, while a trial had not

yet been set, the Court would have to reset deadlines in order for this case to proceed. Defendants also contend they would suffer prejudice if the judgment were set aside because the Court already concluded the Defendants' actions were lawful and Defendants had a sense of "finality" in the Court's ruling. Reopening the case would erase that. This weighs against setting aside the Court's Judgment.

Second and relatedly, Defendants argue the delay in this case would be unfair. While the Court generally agrees that delays can be detrimental, this case is not actually that old. The parties selected the "Standard Track" for the case management deadlines. Dkt. 12. Were the Court to reopen this matter, it would likely only add a few months to the prior schedule.[3] This factor is roughly even.

Third, as discussed above, the Court finds the reason for the delay here was not excusable. Starnes had ample opportunity (and a duty) to keep track of this case and had notice of Defendants' Motion for Summary Judgment, at a minimum, through receipt of the thumb drive—even though he ignored it. This weighs against setting aside the Judgment.

Fourth, while the Court does not find that Starnes acted maliciously or purposefully in this instance, there is no persuasive justification for his actions. The term "bad faith" tends to elicit very negative thoughts or images. However, bad faith is also the opposite of good faith. So, while there might not have been affirmative bad faith in this case, there was not good faith either. As outlined above, Starnes could have—indeed should have—known

---

[3] Frankly, it has been the Court's delay—due to its high civil and criminal caseload—in adjudicating the instant Motion that has added an additional five months to the timeline of this case.

MEMORANDUM DECISION AND ORDER - 6

about Defendants' Motion for Summary Judgment with minimal effort. This shows, at a minimum, a lack of diligence and professionalism.

The Court understands this creates a harsh reality for Plaintiffs. That said, the Court has weighed the competing explanations, and in light of the relevant factors, it cannot set aside the Judgment in this case.

## V. CONCLUSION

Plaintiffs have not shown their neglect in this case was excusable. In fact, Plaintiffs' Counsel's explanation is belied by other evidence. The Motion to Set Aside is, accordingly, DENIED.

## VI. ORDER

1. Plaintiffs' Motion to Set Aside Judgment (Dkt. 21) is **DENIED**.

DATED: May 3, 2024

_____
David C. Nye
Chief U.S. District Court Judge